TERENCE N. CHUCH (SBN 90821)
CHRISTOPHER ASHWORTH (SNB 54889)
Silicon Valley Law Group
25 Metro Drive, Suite 600
San Jose, CA  95110
Telephone: (408) 573-5700
Facsimile:  (408) 573-5701

**Attorneys for Plaintiff**
**Peregrine Communications, Inc.**

*IT IS SO ORDERED*
*James Ware*
*Judge James Ware*

# UNITED STATES DISTRICT COURT

# NORTHER DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| PEREGRINE COMMUNICATIONS, INC., a Colorado corporation,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>SECURENET, a California limited liability company,<br><br>　　　　Defendant. | Case No. CV-09-80096-JW<br><br>[PROPOSED] MODIFIED ENTRY AND SEIZURE ORDER |

## ENTRY AND SEIZURE ORDER

Having reviewed the papers, declarations, and evidence submitted by Plaintiff, the Court hereby finds and Orders as follows:

## FINDINGS

A.　　On April 24, 2009, the District Court for the District of Colorado entered judgment in favor of Plaintiff on Plaintiff's claims against Defendant for failure to pay for certain equipment

and services in the total amount of $112,526.58 and taxed costs in the amount of $539.15.  On Plaintiff's motion, the judgment of the District Court for the District of Colorado was registered in the District Court for the Northern District of California and assigned to this Court.

B.   This Court issued a Writ of Execution on May 22, 2009.

C.   Under Cal. Code Civ. Pro. § 699.030(b), Plaintiff may apply to the Court *ex parte* for an order directing the levying officer to seize personal property to collect its judgment.  The equipment (the "Equipment") sought to be levied upon is described in <u>Exhibit 1</u> attached hereto and made a part hereof.  In addition to the Equipment, Plaintiff also seeks to levy on the following personal property (the Personal Property"):

Extreme networks, Black Diamond core switch;

Middleware manufactured by Minerva Systems;

Cabinets, racks and wiring;

All Dell computer servers;

Digital television monitor.

Defendant's business premises are located at 2652 E. Bayshore Road in Palo Alto, CA 94303.  Probable cause exists to support the conclusion that the Equipment is still installed at Defendant's business premises and that the personal property is located in Defendant's business premises.  Defendant may be leasing the business premises.

D.   The Equipment consists of specialized video streaming conversion equipment, including an off-air digital decoder, a media converter and related wiring that must be disassembled and packed by Plaintiff's trained technician to insure that the equipment is not damaged.  Plaintiff does not seek to levy on the antenna and towers.

E.      E-mails produced by Defendant show that Defendant failed to pay another vendor involved in its IPTV video streaming project and that the vendor was attempting to collect from Defendant as late as March 2008. The fact that Defendant may have other creditors supports Plaintiff's request for levy on its equipment no later than August 3, 2009.

## ORDER

The Ex Parte Application of Plaintiff Peregrine Communications, Inc. for Entry and Seizure Order is hereby GRANTED as follows:

1. The United States Marshal shall seize the Equipment and Personal Property at the Defendant's business premises, at 2652 E. Bayshore Drive, Palo Alto, CA. *No further order of this Court shall be required to authorize and require the Marshal to accomplish the seizure by employing whatever reasonable force that is necessary to break open and enter Defendant's business premises*, without regard to whether the premises are locked or unlocked or occupied or unoccupied and to inspect the contents of any room, closets, cabinets, vehicles, or containers to find the Equipment and Personal Property.

2. Plaintiff's employees shall accompany the United States Marshal and his or her deputies at the seizure and the employees shall identify, inventory, disassemble, and pack the seized Equipment and Personal Property.

3. Plaintiff's attorney or the attorney's agent is hereby appointed as substitute custodian to take custody of the seized Equipment and Personal Property from the Marshal. Plaintiff's attorney or the attorney's agent shall accompany the Marshal at the seizure.

3

4. The seizure shall take place not later than August 3, 2009, and shall be made by the United States Marshal's service.

5. Plaintiff shall hold harmless the United States Marshal's service for any claims, including third party claims, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Equipment.

6. Anyone interfering with the execution of the order shall be subject to arrest by federal or state law enforcement officials.

7. Defendant shall be charged with all costs of the levy.

**IT IS SO ORDERED.**

Dated: July 16, 2009

*James Ware*
JAMES WARE
United States District Judge

I hereby attest and certify on  July 16, 2009  that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

/s/ Elizabeth C. Garcia

**DEPUTY CLERK**